ORIGINAL

# In the United States Court of Federal Claims

No. 17-1788C

(Filed: January 30, 2018)

**FILED**

**JAN 30 2018**

U.S. COURT OF
FEDERAL CLAIMS

**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **KERRITH DUVALL, et al.,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| **UNITED STATES,** | ) |
| **Defendant.** | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Kerrith Duvall, Robert Cotner, and Dennis Martin, *pro se*, Lexington, Oklahoma.

Jimmy S. McBirney, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirshman, Jr., Director, and Tara Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

Plaintiffs, Kerrith Duvall, Robert Cotner, and Dennis Martin, are inmates at the Joseph Harp Correctional Center, a state prison in Lexington, Oklahoma. Compl. at 1. They filed a complaint seeking both monetary and injunctive relief in a suit against "the entire United[]States federal court system" as well as "Okla[homa] criminal appeals state judges" and "all [three] branch[es] of the [Oklahoma] state government." Compl. at 1-2, 5-6 (emphasis omitted). Plaintiffs say they "represent 85% of the entire United States resident population," which they refer to as the "Disenfranchised Moral-Majority Resident [T]ax-payers." Compl. at 1 (emphasis omitted). The complaint asserts that this unspecified 85% of the American population has been "discriminated against" in violation of the "anti-slavery clause" of the Thirteenth Amendment to the United States Constitution because they "are taxed without representation to support all state and federal government employees, programs, [and] law[ ]enforcement used against them." Compl. at 2 (emphasis omitted). In advancing this claim, the plaintiffs allege that "State and Federal politicians . . . represent 15% of the American tax-paying population, and exclude 85%

of the population from any representation in state or federal legislatures, even though the 85% pay all the tax[e]s that the other 15% spend, and pass laws 85% of resident tax-payers do not want passed." Compl. 2-3 (emphasis omitted). This, allegedly, forces the 85% to pay for government benefits afforded to the 15% while the 85% "are denied [the] same insurance[ and] health care . . . [that] state-and-federal employees get." Compl. at 3 (emphasis omitted). According to the plaintiffs, this in turn "damage[es] the business and profits of members of the Disenfranchised Moral Majority in Okla[homa] and [across the] nation," including "over one billion in [plaintiffs'] assets." *See* Compl. at 3 (emphasis omitted).

Plaintiffs seek various remedies for the asserted violation of their Thirteenth Amendment rights. *See* Compl. at 5-6. They request an injunction, "preventing any-and-all federal funds . . . from going to the state of Okla[homa] . . . until the State . . . comes into full compliance with" federal law and "allows all resident[s] . . . to register to . . . vote without being a member of a political part[y]." Compl. at 5 (emphasis omitted). They also request a "perm[anent] injunction to compel all Okla[homa] State and federal courts to immediately file habeas applications . . . without payment of a filing fee," an order "removing all Okla[homa] U.S. Senators and Congressmen from the U.S. Government Finance Committee; Intelligence Committee, and from the Ways and Means Committee," as well as the return of "all federal funds" received by Oklahoma "since 1984." Compl. at 5-6 (emphasis omitted). The plaintiffs also seek monetary damages, "reimbursing plaintiffs for lost business[ and] lost profits [due to] defendants['] acts . . . laws, rules, or regulations." Compl. at 5 (emphasis omitted).

Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). *See generally* Def.'s Mot. to Dismiss, ECF No. 11. Plaintiffs have filed a set of motions, including a motion to set a trial date or, in the alternative, for summary judgment. *See generally* Motion to Set Trial Scheduling Order or Grant Summary Judgment, ECF No. 8.

## STANDARDS FOR DECISION

In any action, the plaintiff has the burden of establishing jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The leniency afforded to a *pro se* plaintiff with respect to formalities does not relieve *pro se* litigants of their obligation to satisfy jurisdictional requirements. *Kelley v. Secretary, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded . . . upon the Constitution . . . for liquidated or unliquidated damages." 28 U.S.C. § 1491(a)(1). This court's jurisdiction does not extend to suits against states, state agencies, or state officials. *See* 28 U.S.C. § 1491(a)(1); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) (holding that this court's predecessor's "jurisdiction [was] confined to the rendition of money judgments in suits brought for that relief against the United States . . . , and if the relief

sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.") (internal citations omitted).

In suits against the United States, the Tucker Act waives sovereign immunity and allows a plaintiff to sue for money damages, *see United States v. Mitchell*, 463 U.S. 206, 212 (1983), but it does not provide a plaintiff with substantive rights, *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, "a plaintiff must identify a separate source of substantive law that creates the right to money damages" to establish jurisdiction. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *Mitchell*, 463 U.S. at 216; *Testan*, 424 U.S. at 398). That source of substantive law must be amenable to being "fairly . . . interpreted as mandating compensation by the Federal Government for the damage sustained." *Testan*, 424 U.S. at 400 (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Cl. Ct. 1967)) (additional citation omitted).

As a general matter, "[t]he Tucker Act does not provide independent jurisdiction over . . . claims for equitable relief." *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013); *see also United States v. King*, 395 U.S. 1, 2-3 (1969) (citing *Glidden Co. v. Zdanok*, 370 U.S. 530, 557 (1962); *United States v. Jones*, 131 U.S. 1, 9 (1889); *United States v. Alire*, 73 U.S. (6 Wall.) 573, 575 (1867); *Halim v. United States*, 106 Fed. Cl. 677, 684-85 (2012) (citing *National Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716-17 (Fed. Cir. 1998)) ("This court has never been afforded the general authority to issue declaratory judgments or to grant injunctive relief.").

"If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also Treviño v. United States*, 113 Fed. Cl. 204, 207 (2013) ("Where the court has not been granted jurisdiction to hear a claim, the case must be dismissed.") (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

## ANALYSIS

This court lacks jurisdiction over plaintiffs' claims against the State of Oklahoma and its officers, *see Sherwood*, 312 U.S. at 588, and their various claims for injunctive relief, *see Taylor*, 113 Fed. Cl. at 173. The plaintiffs' remaining claim is a right to monetary reimbursement for "lost business[ and] lost profits" due to a violation of their Thirteenth Amendment right against enslavement or involuntary servitude. *See* Compl. at 2-3, 5. Constitutional provisions can give rise to jurisdiction in this court when they are money mandating, *i.e.*, when they "explicitly [or] implicitly obligate the federal government to pay damages." *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (en banc). But this court's "jurisdiction does not extend to claims brought under the Thirteenth Amendment . . . because [it does] not contain money-mandating provisions." *Harvey v. United States*, 683 Fed. Appx. 942, 943 (Fed. Cir. 2017) (citing *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013); *Smith v. United States*, 36 Fed. Appx. 444, 445 (Fed. Cir. 2002)); *see also Carter v. United States*, 228 Ct. Cl. 898, 900 (1981).

3

Because plaintiffs have not asserted any claim, constitutional or otherwise, that gives rise to jurisdiction in this court, this action must be dismissed. *See Thoen*, 765 F.2d at 1116.

## CONCLUSION

For the reasons stated, the government's motion to dismiss plaintiffs' complaint is GRANTED. The clerk shall enter judgment in accord with this disposition.[1]

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge

---

[1]Plaintiffs' motions for stipulations or declaratory judgment (ECF No. 6), summary judgment (ECF No. 8), a document preservation order (ECF No. 9), and to have the clerk serve summons (ECF No. 12) are DENIED.